**ROBERTS & KEHAGIARAS LLP**
CAMERON W. ROBERTS, ESQ. (State Bar No. 176682)
cwr@tradeandcargo.com
THEODORE H. ADKINSON, ESQ. (State Bar No. 167350)
tha@tradeandcargo.com
1 World Trade Center, Suite 2350
Long Beach, CA 90831
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for plaintiffs
DAVID PARKER and BIG BIRD HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| DAVID PARKER and BIG BIRD HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEXANDER MARINE CO., LTD, OCEAN ALEXANDER MARINE CENTER, INC., OCEAN ALEXANDER SERVICES, L.L.C., and OCEAN ALEXANDER MARINE YACHT SALES, INC.<br><br>Defendant. | **Case No. SACV12-1994 DOC(ANx)**<br><br>**PLAINTIFFS' SEPARATE STATEMENT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 2, 2014<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br><br>Honorable David O. Carter |

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS and SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE and SUPPORTING EVIDENCE** |
|---|---|
| 1. Ocean Alexander Marine Yacht Sales, Inc. ("OAMYS") did not sell Plaintiff the yacht, known as the Jelly Bean II ("Jelly Bean"), which is the subject of this lawsuit. Chueh Declaration ¶¶ 4 and 5. | 1. **Objection.** Irrelevant and unsupported by admissible evidence. Cheuh's declaration is not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746. |
| 2. OAMYS purchases yachts manufactured by boat manufacturers and then resells them to the public. Chueh Declaration ¶¶ 3 and 6 | 2. **Objection.** Irrelevant and unsupported by admissible evidence. Cheuh's declaration is not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746. |
| 3. OAMYS is an authorized dealer for Alexander Marine Co., Ltd. in Taiwan and for Tiara Yachts made in the United States. Chueh Declaration ¶ 6 | 3. **Objection.** Irrelevant and unsupported by admissible evidence. Cheuh's declaration is not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746. |



ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

| | |
|---|---|
| 4. OAMYS was not involved in the purchase, sale or maintenance of the Jelly Bean II. That yacht was sold by a California company known as Orange Coast Marine, Inc. in Newport Beach, California. Chueh Declaration ¶ 5 | 4. **Objection.** Unsupported by admissible evidence. Cheuh's declaration is not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746.<br>**Disputed.** OAMYS imported the Jelly Bean II for sale in the United States. Plaintiff's Complaint, ECF Doc. # 1, ¶ 12, Ocean Alexander's answer, ECF Doc. # 8, ¶ 12.<br>OAMYS also directly evaluated and rejected maintenance warranty repairs requested by plaintiffs. Exhibits A and B to Declaration of David Parker. Exhibit A to Curry Deposition, pp. 4:11-5:5; 11:2-18; 65:24-68:25.<br>Cheuh has stated that Ocean Alexander was involved in the design and construction of yacht at issue. Exhibit B to Declaration of David Parker. |

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

| | |
|---|---|
| 5. The United States dealers for Alexander Marine Co., Ltd. act as conduits for the manufacturer with customers in the United States who have warranty claims. As a result, a boat owner will typically present their warranty claim to the U.S. entity from whom they bought the yacht. Alexander Marine is immediately notified of any claim and it unilaterally notifies the U.S. dealer if the claim is covered by the warranty. If there is a covered claim, then the U.S. entity obtains pricing for repairs and if the manufacturer agrees, then the repairs are made. In the event that the dealer advances the costs of the repair, then the manufacturer reimburses the dealer for those warranty repairs. This system is designed to provide the | 5. **Objection.** Unsupported by admissible evidence. Cheuh's declaration is not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746. **Disputed.** OAMYS directly rejected warranty repairs requested by plaintiffs. Exhibit A to Declaration of David Parker. Exhibit A to Adkinson Decl, Deposition of Tim Curry, p. 68:1-25. Cheuh has stated that Ocean Alexander was involved in the design and construction of yacht at issue in this litigation. Exhibit B to Declaration of David Parker. |





ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

| | |
|---|---|
| customer with the fastest and easiest method for having repairs made.<br>Chueh Declaration ¶¶ 5 | |

| | |
|---|---|
| 6. OAMYS purchases yachts from Alexander Marine so that it can resell them in the United States.<br>Chueh Declaration ¶ 3 | 6. **Objection.** Irrelevant and unsupported by admissible evidence. Cheuh's declaration is not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746. |

| | |
|---|---|
| 7. There is no unity of interest and ownership between Alexander Marine 8 Co., Ltd. and OAMYS to show that the separate entities do not in reality exist.<br>Chueh Declaration ¶¶ 2, 6 – 8; Declaration of Tseng ¶¶ 3-8 | 7. **Objection.** Unsupported by admissible evidence. The declarations are not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746. Neither declaration establish that Cheuh does not have a controlling interest in Alexander Marine since no evidence has been submitted regarding the identity, ownership or control of the entity purportedly owning a |

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

| | |
|---|---|
| | controlling interest in Alexander Marine. Alexander 7. (cont.) Marine has also not yet answered the complaint, and therefore plaintiffs have not yet been able to propound discovery on this entity. **Disputed.** Johnny Cheuh has previously claimed to be President of Alexander Marine. Exhibit B to Declaration of James McLaren. |

| | |
|---|---|
| 8. Alexander Marine is an ongoing profitable company that still manufactures and sells yachts and timely pays its bills. Tseng Declaration ¶ 8 | 8. **Objection.** Tseng's declaration is not signed under penalty of perjury of the laws of the United States. 28 U.S.C. § 1746. Alexander Marine has not answered the complaint as of the filing of this opposition, and therefore plaintiffs have not yet been able to propound discovery on this entity to determine the veracity of this statement. **Disputed.** Alexander Marine has |

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

| | |
|---|---|
| | not paid its bills relating to plaintiffs' warranty claims as evidenced by this lawsuit. Plaintiffs' Complaint. |

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

| Opposing Parties' Additional Undisputed Material Facts | Supporting Evidence in Support of Additional Undisputed Facts |
|---|---|
| 1. Ocean Alexander adopted the express warranty of Alexander Marine by undertaking direct responsibility for evaluating, authorizing and rejecting warranty claims. | 1. Exhibit A to Declaration of James McLaren. Exhibits A & B to declaration of David Parker. Curry deposition pp. 65:24-68:25. |
| 2. Ocean Alexander is a distributor of the subject yacht through its importation of the yacht into California for sale. | 2. Plaintiff's Complaint, ECF Doc. # 1, ¶ 12, Ocean Alexander's answer, ECF Doc. # 8, ¶ 12. |
| 3. Ocean Alexander knew the yacht would be used for ocean travel. | 3. Exhibit A to Adkinson Decl., Curry deposition, p. 61:21-25. |
| 4. Ocean Alexander was involved in the design and construction of the yacht at issue in this litigation. | 4. Exhibit B to declaration of David Parker. |



ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

Dated: May 12, 2014

**ROBERTS & KEHAGIARAS LLP**

By: __/s/ Theodore H. Adkinson______
Theodore H. Adkinson
Attorneys for plaintiffs
David Parker and Big Bird Holdings, LLC