RONALD G. ROSENBERG (Bar No. 108602)
ROSENBERG & KOFFMAN
2029 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 553-1400
Facsimile: (310) 553-1401

Attorneys for Defendants,
Ocean Alexander Marine Yacht Sales, Inc.
and Alexander Marine Co., Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DAVID PARKER and BIG BIRD HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDER MARINE CO., LTD, OCEAN ALEXANDER MARINE CENTER, INC., OCEAN ALEXANDER SERVICES, L. L. C., and OCEAN ALEXANDER MARINE YACHT SALES, INC.<br><br>Defendants. | **Case No. SACV12-1994 DOC(ANx)**<br><br>**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:** June 2, 2014<br>**Time:** 8:30 a.m.<br>**Courtroom: 9D** |

**1.     Plaintiffs' Opposition Fails to Raise Any Questions of Fact**

In Opposition to the pending Motion, Plaintiffs now assert that (a) there is an issue of Ocean Alexander Marine Yacht Sales, Inc. ("OAMYS") having alter ego liability, and (b) there are issues of OAMYS having liability for having adopted the warranty of the manufacturer, Alexander Marine Co., Ltd. ("Alexander Marine"). As explained below, each of the assertions of the Plaintiffs fail.

REPLY MSJ -1- **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**2.** **<u>There is No Evidence to Support a Claim of Alter Ego</u>**

Plaintiffs completely ignore the applicable law when they assert that there is an issue of material fact relating to OAMYS having alter ego liability. The facts set forth in the Declaration of Johnny Chueh show that there is no common ownership controlling both entities. They now seek to challenge this by asking the Court to assume a negative without any evidence -- Plaintiffs ask the Court to assume that Mr. Chueh may control the entity that is the largest shareholder of Alexander Marine Co., Ltd. There is no evidence to support this proposition and this case has been pending for well over a year.

As the Court noted in *Calvert v. Huckins* (E.D. Cal. 1995) 875 F.Supp. 674, 678,

> "'There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary.' *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 905 (1st Cir.1980); *accord Ryder Truck Rental, Inc. v. Acton Foodservices Corp.,* 554 F.Supp. 277, 279 (C.D.Cal.1983)."

More importantly, Plaintiffs offer no evidence to support the second required element which is necessary in order to prove alter ego. The second required element to prove alter ego is that there "must be an inequitable result if the acts in question are treated as those of the corporation alone." (*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 538.

> The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form. Difficulty in enforcing a judgment or collecting a debt does not satisfy this

REPLY MSJ -2- **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1  standard. (*Associated Vendors, Inc. v. Oakland Meat Co.,*
2  *supra,* 210 Cal.App.2d at p. 842, 26 Cal.Rptr. 806; *Alberto v.*
3  *Diversified Group, Inc., supra,* 55 F.3d at p. 207; *Lowell Staats*
4  *Mining Co., Inc. v. Pioneer Uravan Inc.* (10th Cir.1989) 878
5  F.2d 1259.) *Id.*

6  There no facts set forth to contradict the fact that Alexander Marine Co., Ltd. is a healthy ongoing entity that is still manufacturing and selling yachts and timely paying its bills. As a result, even if the first element could be satisfied here, there is no showing of an inequitable result.

**3.  OAMYS Has No Liability Under Alexander Marine's Warranty**

For the first time, Plaintiffs are now asserting that (a) OAMYS "adopted" the warranty of Alexander Marine Co., Ltd. and/or (b) has liability as a distributor of yachts. Each of these claims is unsupported by any evidence and must fail.

As a result of Plaintiffs' unilateral interpretation of emails between the parties, it is attempting to convince this Court that OAMYS adopted and enforced warranties in connection with the subject yacht. There are undisputed facts to show that the yacht was purchased when new from Orange Coast Yachts in Newport Beach, California. There are no facts set forth the show that Plaintiffs ever contacted OAMYS with respect the warranty or for any other purpose. There is no dispute that Mr. Parker contacted the factory to place to warranty claim and that he did so by contacted Johnny Chueh. Mr. Chueh responded for the factory and discussed the specific design elements and

The second new claim of Plaintiffs is that OAMYS is liable as a distributor of the subject yacht. The fundamental problem with this claim is that OAMYS was not involved in the importation, distribution or sale of the subject yacht. As such, it cannot be held liable for distribution of a yacht that it did not distribute. Under Plaintiff's theory, a Ford car dealer in Seattle can be held liable for a Ford car sold in Newport Beach by an unrelated distributor.

California Civil Code § 1792.2 (a) provides:

> Every sale of consumer goods that are sold at retail in this state by a retailer or distributor who has reason to know at the time of the retail sale that the goods are required for a particular purpose, and that the buyer is relying on the retailer's or distributor's skill or judgment to select or furnish suitable goods shall be accompanied by such retailer's or distributor's implied warranty that the goods are fit for that purpose.

The mere fact that OAMYS was a dealer of Alexander Marine Co., Ltd. yachts in Seattle at the time that the yacht was sold by another dealer in Newport Beach, does not make OAMYS liable as a distributor of the yachts. Since the yachts was not purchased from OAMYS, there was no possibility and there is no evidence to support any claim that Plaintiffs relied upon OAMYS' skill or judgment to select the correct yacht for them. Thus, there is no warranty to enforce against OAMYS.

**4.    Conclusion**

For each of the foregoing reasons, it is respectfully requested that Defendant has met its burden of proof [i] in connection with the Motion for Summary Judgment. There are no material issues of disputed facts in connection with any claim of liability against OAMYS.

Dated:  May 19, 2014                         ROSENBERG & KOFFMAN

                                             By:   /s/Ronald G. Rosenberg
                                                   Ronald G. Rosenberg
                                                   Attorneys for Defendants,
                                                   Ocean Alexander Marine Yacht
                                                   Sales, Inc. and Alexander Marine
                                                   Co. Ltd.

---

[i] Plaintiffs objected to the Declarations filed in support of the Motion, but also substantively responded. Defendant has now cured the evidentiary issue relating to the Declarations. No prejudice is being suffered by Plaintiffs.