# EXHIBIT 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID PARKER and BIG BIRD HOLDINGS, LLC,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ALEXANDER MARINE CO. LTD.,<br><br>            Defendant. | Case No. SA CV 12-1994-DOC (ANx)<br><br>**<u>SECOND AMENDED JUDGMENT</u>** |

This is an amendment to the judgment that was entered by this Court on February 10, 2015. This matter was duly tried before a jury, commencing on December 16, 2014 with the Honorable David O. Carter presiding. *See* Dkt. 81.

**I.    JURISDICTION**

1. The Court has subject matter jurisdiction over the case under 28 U.S.C. section 1332 (diversity of citizenship jurisdiction) because at the time the Complaint (Dkt. 1) was filed, Plaintiffs David Parker and Big Bird Holdings, LLC's ("Plaintiffs") were citizens of California and Defendant Alexander Marine Co. Ltd. ("Alexander Marine") was a citizen of Taiwan; in addition, the other defendants in the case had

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

diverse citizenship from Plaintiffs. Moreover, the amount in controversy alleged in the Complaint, and ultimately awarded by the jury, exceeded the $75,000 statutory minimum requirement. *See id.* at 2–3, 12–13; *see also* Jury Verdict (Dkt. 92) at 9.

2. In addition and separately, the Court has federal question jurisdiction under 28 U.S.C. section 1331 because Plaintiffs' Complaint presented claims under the federal Magnuson-Moss Warranty Act. *See* Compl. ¶ 1, 52–56.

## II. SERVICE OF PROCESS

3. Service of process was properly effected on Alexander Marine in accordance with Federal Rule of Civil Procedure 4(f)(2)(A) and 4(f)(2)(B). *See* Order (Dkt. 26) at 4–5.

4. On May 7, 2013, the Court issued a Request for International Judicial Assistance (Dkt. 20), requesting judicial assistance from the judiciary of Taiwan in serving Alexander Marine with the original summons and Complaint and a Chinese translation at No. 1 Jin Fu Road, Qian-Zhen District Kaohsiung, Taiwan 806, *see id.* at 1–2.

5. The Court's Request was received by the American Institute of Taiwan, which then forwarded it to the Taipei Economic and Cultural Representative Office. *See* Dkt. 26 at 2.

6. Service of process was then effected by a clerk of the Kaohsiung District Court and Proof of Service was filed before this Court. *See id.* 2–3.

7. Although Alexander Marine challenged service of process, this Court found that service was properly effected under Federal Rule of Civil Procedure 4(f)(2)(A) and 4(f)(2)(B). *See id.* at 7.

//
//
//
//
//

### III. JURY VERDICT

8. The jury trial in this case took place over four days, from December 16, 2014 to December 19, 2014. *See* Dkts. 81, 83–86. A jury was impaneled and sworn, witnesses were sworn and testified, and exhibits were identified and received into evidence.

9. After hearing the evidence and arguments by counsel for Plaintiffs and Defendant, the jury was duly instructed by the Court and the case was submitted to the jury to make relevant findings of fact and make a decision as to each of the questions in the Jury Verdict Form (Dkt. 92). The Court provided the jury with instructions for each of the claims. *See generally* Final Jury Instructions. Thereafter, the jury deliberated and returned into court on December 19, 2014 with its verdict answering the questions in the Verdict Form.

10. The jury found Alexander Marine liable for: (1) Breach of Implied Warranty of Merchantability under the Song-Beverly Act; (2) Breach of Implied Warranty of Fitness for Particular Purpose under the Song-Beverly Act; (3) Breach of Express Warranty under California's Commercial Code; (4) Breach of Implied Warranty of Merchantability under California's Commercial Code; and (5) Breach of Implied Warranty of Fitness for a Particular Purpose under California's Commercial Code.[1] *See id.* at 4–8.

11. The jury found Plaintiffs proved their damages by a preponderance of the evidence and awarded to Plaintiffs $1,549,551.60 in damages. *See id.* at 9. In addition, the jury found Alexander Marine's actions were willful—that it knew what it was doing and intended to do it, *see* Jury Instructions—and awarded to Plaintiffs $2,375,000 in civil penalty, *see* Jury Verdict at 9.

//
//

---

[1] The jury also found Alexander Marine Yacht Sales, Inc. ("Alexander Sales") liable for: (1) Breach of Implied Warranty of Fitness for Particular Purpose under the Song-Beverly Act; and (2) Breach of Implied Warranty of Fitness for a Particular Purpose under California's Commercial Code. *See generally* Jury Verdict.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

## IV. JUDGMENT

12. After the jury rendered its verdict, the Court entered its Judgment (Dkt. 103) on February 15, 2015 based on the jury's verdict.

13. Judgment was entered in favor of Plaintiffs and against Defendants Alexander Marine and Alexander Sales (together, "Defendants"), jointly and severally, for $1,549,551.60 in damages, plus $6,508.11 in prejudgment interest (based upon two years at the prevailing interest rate in December 2014 (.21%), in accordance with 28 U.S.C. section 1961), and $2,375,000 in civil penalty, for a total of $3,931.059.71. *See generally id.*

## I. POST TRIAL PROCEDURES

14. After the Judgment was entered, Plaintiffs filed a Motion for Attorney's Fees (Dkt. 104) and Defendants filed a Motion for New Trial (Dkt. 127) and Renewed Motion for Judgment as a Matter of Law ("Renewed Motion") (Dkt. 126).

15. On May 26, 2015, the Court entered an Order ("Omnibus Order") (Dkt. 149), granting Plaintiffs' Motion for Attorney's Fees, denying Defendants' Motion for New Trial, and granting in part and denying in part Defendants' Renewed Motion for Judgment as a Matter of Law, *see id.* at 33.

16. In the Omnibus Order, the Court granted to Plaintiffs $240,004.25 in attorney's fees and found in favor of Alexander Sales on the two breach of implied warranty of fitness for a particular purpose claims.

17. However, the Court denied Defendants' Renewed Motion as to Plaintiffs' claims against Alexander Marine for Breach of Implied Warranty of Merchantability under the Song-Beverly Act and under California's Commercial Code, and Breach of Express Warranty under California's Commercial Code.

18. On June 25, 2015, Defendants appealed the Judgment and Omnibus Order to the United States Court of Appeals for the Ninth Circuit. *See* Notice of Appeal (Dkt. 151). The Ninth Circuit Court of Appeals considered the parties arguments and entered

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

an order on December 6, 2017 affirming the Judgment and Omnibus Order. *See* Ninth Circuit Order (Dkt. 178).

19. With regard to the civil penalty, the Ninth Circuit Court of Appeals found "there was ample evidence on which the jury could have made its willfulness finding" to award the civil penalty. *See id.* at 4. Furthermore, the court stated: "[t]he jury was presented with evidence that Alexander Marine determined within one week, without seeing any pictures of or inspecting the yacht, that the extensive damage was all caused by a collision. . . . In the face of evidence that some of the damage could not have been caused by a collision, Alexander Marine continually disputed there were construction defects." *Id.* The Ninth Circuit Court of Appeals also granted Plaintiffs' motion to recover $33,530 in attorney's fees. *See* Ninth Circuit Fees Order (Dkt. 179).

20. On November 2, 2018, Plaintiffs filed a Motion to Amend Judgment, requesting the Court amend the judgment to include the award of attorney's fees granted to Plaintiffs; include the statutory mandatory post-judgment interest provided for under 28 U.S.C. section 1961(a); include certain procedural requirements for enforcement under Taiwanese law; and remove former defendant Alexander Sales from the Judgment.

21. This amended judgment follows the granting of Plaintiffs' Motion to Amend Judgment.

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED** as follows:

22. Judgment is entered in favor of Plaintiffs David Parker and Big Bird Holdings, LLC and against Defendant Alexander Marine Co. Ltd.

23. Defendant Alexander Marine Co. Ltd. shall pay Plaintiffs David Parker and Big Bird Holdings, LLC damages in the amount of **$1,549,551.60**, for which sum let execution issue.

24. Defendant Alexander Marine Co. Ltd. shall pay Plaintiffs David Parker and Big Bird Holdings, LLC a civil penalty in the amount of **$2,375,000**, for which

sum let execution issue, based upon the jury's finding that Defendant Alexander Marine Co. Ltd.'s actions were willful.

25. Pre-judgment interest is awarded to Plaintiffs David Parker and Big Bird Holdings, LLC and against Defendant Alexander Marine Co. Ltd. under 28 U.S.C. § 1961 at the prevailing rate in December 2014 (0.21%), in the amount of **$6,508.11**, for which sum let execution issue.

26. Attorney's fees is awarded to Plaintiffs David Parker and Big Bird Holdings, LLC and against Defendant Alexander Marine Co. Ltd. in the amount of $240,004.25 for costs and fees incurred during the trial procedure and $33,530 for costs and fees incurred during the appeals process, for a total of **$273,534.25** in attorney's fees, for which sum let execution issue.

27. Post-judgment interest is awarded to Plaintiffs David Parker and Big Bird Holdings, LLC and against Defendant Alexander Marine Co. Ltd. under 28 U.S.C. § 1961, from the date of the original Judgment, February 2, 2015, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the original Judgment—said interest rate is 0.18%. Interest shall continue to accrue until the judgment is paid in full.

28. In total, Defendant Alexander Marine Co. Ltd. is liable to Plaintiffs David Parker and Big Bird Holdings, LLC for **$4,204,593.96**, for which sum let execution issue, plus post-judgment interest at the rate of 0.18%.

29. This judgment shall be enforceable as prescribed by 28 U.S.C. §§ 2001–2007 and Federal Rule of Civil Procedure 69(a).

30. In addition, this judgment shall be enforceable in foreign jurisdictions, such as the Republic of China (Taiwan), where Defendant Alexander Marine Co. Ltd. is incorporated.

//
//

31. The Court retains jurisdiction over this case and over the parties for the purpose of entering all further post-judgment orders that are just and proper.

IT IS SO ORDERED.

Dated: <u>March 21, 2019</u>

                        *David O. Carter*
                        Hon. David O. Carter
                        UNITED STATES DISTRICT JUDGE

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

#66348926_v1
- 7 -
PLAINTIFFS' MOTION TO AMEND JUDGMENT
CASE NO. SA CV 12-1994-DOC (ANX)