Iain A. W. Nasatir (CA Bar No. 148977)
Inasatir@pszjlaw.com
Jeffrey P. Nolan (CA Bar No. 158923)
jnolan@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760

Attorneys for Defendant, Alexander Marine Co., Ltd

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION, SANTA ANA

| | |
|---|---|
| DAVID PARKER and BIG BIRD HOLDINGS LLC,,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER MARINE CO., LTD.,<br><br>Defendant. | Case No. 8:12-cv-01994-DOC-JCG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE RENEWAL OF JUDGMENT BY CLERK ENTERED ON FEBRUARY 3, 2025**<br><br>Hearing:<br>Date:         April 14, 2025<br>Time:        8:30 a.m.<br>Courtroom: 411 W 4th Street<br>                     Courtroom 10A<br>                     Santa Ana, CA 92701<br><br>Judge:  Honorable David O. Carter |

COMES NOW, Defendant Alexander Marine Co., Ltd, ("Defendant") and moves to vacate the Renewal of Judgment by Clerk [Dkt. No. 226] (the "Motion") for the reasons set forth below:

## I.

## INTRODUCTION

The Application submitted by the judgment creditor sought to renew a judgment pursuant to California Code of Civil Procedure ("Code") Section 683.130, which allows a judgment to be renewed at anytime before the expiration of the

ten-year period of enforceability. The Judgment dated February 2, 2015, expired as of February 2, 2025. Subsequent to February 2, 2025, outside the ten-year period of enforcement, the judgment was no longer capable of being revived. As such, the Renewal of Judgment is properly vacated.

## II.

## STATEMENT OF FACT

On February 2, 2015, Judgment was entered in favor of Plaintiffs David Parker and Big Bird Holdings, LLC ("Creditor") against Defendant and Judgment debtor Alexander Marine Co., Ltd. in the sum of $3,931,059.71 ("Judgment").

On March 21, 2019, a Second Amended Judgment was entered to include prejudgment interest in the amount of $6,508.11 and attorneys' fees in the amount of $273,534.25 for a total judgement amount of $4,204,593.96.

On September 3, 2024, the Judgment was amended to substitute Plaintiff and Judgment Creditor Jonathan David Parker ("Judgment Creditor") as the successor-in-interest of David Parker as a result of the death of David Parker.

On October 24, 2024, Plaintiff and Judgment Creditor Big Bird Holdings, LLC assigned all of its rights, title and interest in the Judgment to the Judgment Creditor.

On February 3, 2025, Plaintiff filed an Amended Application For Renewal of Judgment by Clerk ("Application"). [Dkt. No. 226]

On February 3, 2025, the clerk of the District Court entered the Renewal of Judgment in favor of Plaintiffs David Parker and Big Bird Holdings. [Dkt. No. 230]

On February 4, 2025, the clerk issued the Notice of Amended Application For Renewal of Judgment By Clerk. [Dkt. No. 233]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# III.

# ARGUMENT

**A.  The Motion Timely Requests the Court To Vacate the Renewed Judgment**

Not later than 60 days after service of the notice of renewal pursuant to Section 683.160, the judgment debtor may apply by noticed motion under this section for an order of the court vacating the renewal of the Judgment.[1] The notice of motion shall be served on the judgment creditor.  CA Civ Pro Code § 683.170 (2024)

On February 3, 2025, Defendant filed Notice of the Amended Application for Renewal of Judgment. [2] [Dkt. No. 231]

On February 4, 2025, the clerk issued a Notice of Amended Application For Renewal of Judgment which disregarded the earlier notice. [Dkt. No. 233]

Pursuant to FRCP Rule 60(b), a court may relieve a party from a final judgment wherein the judgment is void or any other reason that justifies relief.  It is the moving party's burden to prove by a preponderance of the evidence that it is entitled to vacate the renewal of judgment under the Code, Section 683.170. (*Fidelity Creditor Service, Inc. v. Browne*, (2001) 89 Cal.App.4th 195, 199 (106 Cal. Rptr. 2d 854.)

**B.  Under California Law, A Judgment Expires 10 Years After The Date Of Entry Of A Money Judgment And Is Unenforceable**

Section 683.020 sets forth in pertinent part; that:

 "except as otherwise provided by statute, **upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property, (a) the judgment may not be enforced** and (b) all enforcement

---

[1] The Notice of Amended Application instructed the Defendant that it had 30 days after service of notice to file a motion to vacate the renewal, rather than 60 days as set forth in the Code. [Dkt No. 233]

[2] In accordance with discussions with counsel for Plaintiff, the Amended Application for Renewal of Judgment has not yet been served on the Defendant given it first must be transcribed into Mandarin. (See Declaration of J. Nolan, filed concurrently herewith)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease." (Emphasis Added)

On February 2, 2015, Judgement was entered. By its own terms, Section 683.020 makes clear that ten years from that date, **February 2, 2025**, the Judgment expired and the judgment was no longer subject to being enforced.

On or before February 2, 2025, neither the Creditor nor the Judgment Creditor renewed the Judgment. Accordingly, any act <u>after</u> February 2, 2025, was without legal effect.

**C.    The Application to Renew the Judgment Filed on February 3, 2025, Could Not Reinstate an Expired Judgment**

Under section 683.120, a "judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered." That application can be filed any time **before the expiration of the 10-year period** of enforceability provided by section 683.020. (CCP § 683.130, subd. (a); Emphasis Added) *See Estate of Douglas,* (2022) 83 Cal.App.5th 690, 695.

The Law Revision Commission explained: "Renewal under this article permits enforcement of a judgment beyond the 10-year period prescribed by Section 683.020. This procedure supersedes the procedure under former Section 685 pursuant to which a judgment could be enforced upon noticed motion after the expiration of 10 years in the discretion of the court upon a showing of the reasons for failure to enforce the judgment during the first 10 years. This article does not require the judgment creditor to demonstrate diligence in enforcing the judgment, but if renewal is not accomplished within 10 years after entry of the judgment, the judgment becomes unenforceable." (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., *supra*, foll. § 683.110, p. 76, italics added.) *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*,(2008) 168 Cal App. 4th 185, 194 .

The 10-year period for renewing a judgment, and the 10-year period for filing an independent action on a judgment, are not coterminous: "The period applicable to renewals begins when judgment is entered, and may not be tolled, whereas the period applicable to actions on a judgment begins when the judgment is final, and is subject to tolling. *Highland Springs Conference & Training Center v. City of Banning*, (2016), 244 Cal. App 4th 267, fn 6.

The Application makes clear the Plaintiff sought to "renew" the judgment. The Application seeks to extend the period of enforceability for a period of ten years. (Dkt. No. 226, p. 2, lns. 24-28, citing to CCP §§ 683.110 through 683.220) The relief granted to the Plaintiff was premised on the authority set forth in CCP § 683.110.

While under former section 685, the trial court was granted discretion to determine if there existed "excusable failure" to extend the judgment. In 1982, Section 683.110, replaced the former standard with a longer and objective time frame[3]. As described by many courts, the renewal of a judgment is purely a "ministerial act". *Jonathan Neil & Associates, Inc. v. Jones*, (2006), 136 Cal App. 4th 1481, 1487. Renewal does not create a new judgment or modify the present judgment. Renewal merely extends the enforceability of the judgment. *Id.* The renewed judgment 'has no independent existence' from the original judgment." *Popa v. Winn Law Grp., APC*, 2019 U.S. Dist. LEXIS 11676, 2019 WL 289832 (C.D. Cal. Jan. 23, 2019) (citing to *Jonathan Neil & Assocs.*, 138 Cal. App. 4th at 1490). Here, the Judgment at the time it was renewed was no longer subject to enforcement pursuant to § 683.020 and not capable of being extended by renewal.

Legislative enactments are to be construed in accordance with the ordinary meaning of the language used if the words are not ambiguous and do not lead to an

---

[3] The new law increased the limitations period from five years to ten years. *Jonathan Neil & Associates Inc. v. Jones,* (2006) 138 Cal. App. 4th 1481, 1488.

absurdity. *See Valley Circle Estates v. VTN Consolidated, Inc.,* (1983) 33 Cal. 3d 604, 609-610 (189 Cal. Rptr. 871, 659 P.2d 1160). Under the plain meaning rule, when the language of a statute is clear, a court need go no further. *Nolan v. City of Anaheim* (2004) 33 Cal. 4th 335, 340[14 Cal. Rptr 3d 857, 92 P.3d 350]. Here, the language of Section 683.020 is not ambiguous or unclear. The Judgment expired on February 2, 2025. Nor is the statutory language of Section 683.120 unclear. The statutory language sets forth renewal of judgment, <u>is allowable</u> "at anytime **before the expiration** of the ten-year period of enforceability of the renewed judgment provided by Section 683.120." (Emphasis Added) Since the Renewal occurred outside the ten-year period of enforceability, it was not capable of being renewed even if only be one day. *See Lona v. Abreu*, 2019 U.S. Dist. LEXIS 49632, *2 (N.D. Cal. Mar. 25, 2019) (Application submitted ten years and one day after deadline is untimely.)

   The Application acknowledges that the Application was untimely, but cites to FRCP 6(a) as authority to extend the deadline of CCP § 683.130 a further day. However, application of FRCP 6(a) in the present circumstances would contradict the language of CCP § 683.130 requiring filing before the expiration of the 10-year period as well as Article 1, Period for Enforcement of Judgments, which makes clear on its face that upon expiration of 10 years after the date of entry of a money judgment, (a) the judgment may not be enforced. CCP § 683.020. The California Code of Civil Procedure and the statutory language therein is specific as to the ten year period after which the judgment expires. Plaintiff's argument for the application of a general pleading rule as specified in FRCP 6(a), computing and extending time for the filing of motion papers, would contradict the specific language of the California statute of the period for enforcement and expiration of judgments. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U. S. 639, 645-647, 132 S. Ct. 2065, 182 L. Ed. 2d 967 (2012) ("The general/specific canon is perhaps most frequently applied to statutes in which a general permission or

prohibition is contradicted by a specific prohibition or permission. To eliminate the contradiction, the specific provision is construed as an exception to the general one.") Similarly, the California Legislature extended the period to renew judgments from five to ten-years but set a specific red-line at which time the judgment automatically by operation of law expires. To the extent there is ambiguity or conflict between the statutes, the terms of the specific statutory authorization of CCP § 683.020, would govern over the application of general pleading rules.

WHEREFORE, the Defendant respectfully requests that the Motion be granted, as reflected in the attached proposed order and Renewal of Judgment by Clerk vacated.

Dated: March 11, 2025          PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey P. Nolan*
Iain A. W. Nasatir
Jeffrey P. Nolan

Attorneys for Defendant, Alexander Marine Co., Ltd.